OPINION *Page 2 
{¶ 1} Appellant Donovan Cox appeals December 1, 2006, judgment of the Court of Common Pleas of Stark County, Ohio, entered on a jury verdict in favor of Appellees Cardiovascular Consultants, Inc. and Steven A. Malosky, M.D.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The relevant facts in this case are as follows:
 {¶ 3} On December 15, 2004, Appellant Donovan Cox was brought to the Aultman Hospital emergency department via ambulance complaining of severe chest pain and shortness of breath. (T. Vol. III, at 694-698). Appellant had a history of heart disease and had previously had stents placed in several coronary arteries. Id. Appellant was seen in the emergency department by his treating cardiologist, Dr. Paloski. Id. Dr. Paloski was feeling ill that day and was preparing to go home. Therefore, he asked his partner, Dr. Steven Malosky, to take over Appellant's care. Dr. Malosky agreed. Id.
 {¶ 4} After speaking with Appellant and reviewing the results of an EKG that was performed, Dr. Malosky concluded that Appellant was having a heart attack. Id. Specifically, Dr. Malosky believed Appellant's right coronary artery was completely blocked at the site of a previously placed stent. Id. Consequently, he recommended that Appellant undergo an angiogram and angioplasty to visualize the heart and, if necessary, remove the blockage. (T. Vol. III at 704). An angiogram and angioplasty are performed under fluoroscope (x-ray). (T. Vol. III at 707). The physician utilizes the fluoroscope and injected contrast dye to visualize the heart and its surrounding arteries. (Id.). Appellant consented and was immediately taken to the cardiac catheterization laboratory. (T. Vol. III at 703-704). *Page 3 
 {¶ 5} In the cardiac catheterization lab, Dr. Malosky performed an angiogram and confirmed that Appellant's right coronary artery had indeed become 100% occluded at the site of the previously placed stent. (T. Vol. III at 709-710). Therefore, Dr. Malosky attempted to pass a guidewire through the occlusion in order to inflate a small balloon to clear the blockage. (T. Vol. III at 719-724). Despite multiple attempts over a ten to fifteen minute time frame, Dr. Malosky was unable to pass the wire through the hardened blockage and elected to switch wires in order to try to traverse the blockage. (T. Vol. III at 734). At that time, Dr. Malosky noticed that Appellant's right coronary artery had dissected. (T. Vol. III at 744). He then instructed the radiology technician who was assisting him in the procedure, Lori Wyler, to stop injecting the contrast dye that was being used in the procedure. Id. One to one and one-half seconds passed between the time Dr. Malosky noticed the dissection and the time the dye stopped. (T. Vol. III at 744, 750). The dissection propagated from the right coronary artery into the ascending aorta. (T. Vol. III at 751).
 {¶ 6} Dr. Malosky immediately contacted a cardiothoracic surgeon, Dr. Novoa, who took Appellant to the operating room to repair the aortic dissection. (T. Vol. III at 758-760). Dr. Novoa successfully repaired the aortic dissection and bypassed the blockage in the right coronary artery. In order to do so, Dr. Novoa briefly clamped the aorta. The clamping of the aorta resulted in nerve damage. Following the surgery, Appellant was partially paralyzed below the waist and incontinent. (T. Vol. III at 528-529). *Page 4 
 {¶ 7} Appellant continued to treat with Dr. Malosky after he was discharged from the hospital. (T. Vol. III at 587-88). Dr. Malosky assisted Appellant in obtaining home health care and consultations with specialists. Id.
 {¶ 8} On December 13, 2005, Appellant filed this medical malpractice action alleging that Steven A. Malosky, M.D. and Cardiovascular Consultants, Inc. negligently caused Appellant's aorta to dissect and rupture during a cardiac catheterization procedure performed at Aultman Hospital on December 15, 2004. The Complaint further alleged that Dr. Malosky's negligence proximately caused Appellant to experience pain and suffering, including partial paralysis and incontinence. Id. Dr. Malosky and his professional corporation ("Appellees") timely filed an Answer denying Appellant's allegations. (February 15, 2006 Answer).
 {¶ 9} Neither Lori Wyler nor Aultman Hospital were named as defendants in said Complaint.
 {¶ 10} Prior to trial, the parties each submitted proposed jury instructions to the trial court, which issued its own proposed instructions during the days leading up to jury selection. Among the instructions Appellant Cox requested was a charge that a doctor is responsible for the negligent acts of his or her agents.
 {¶ 11} The trial court held a lengthy oral hearing regarding Appellant's Proposed Jury Instructions and other pretrial motions on November 21, 2006. After considering the respective arguments of counsel, the trial court chose not to instruct the jury in that regard. (November 22, 2006 Judgment Entry).
 {¶ 12} On November 27, 2006, a jury trial commenced in this matter. At trial, Appellant presented the testimony of family and friends, Dr. Cohen, and an economist. *Page 5 
(T. Vol. I at 3). Appellees presented the testimony of Dr. Malosky and two expert witnesses, Dr. Barry George and Dr. Donald Wayne. Id. Appellant did not call Ms. Wyler as a witness, nor did he present her deposition testimony to the jury. Likewise, Appellant did not present any evidence or expert testimony that Ms. Wyler had deviated from the standard of care. After four days of trial and approximately three hours of deliberation, the jury returned a 7-1 verdict in favor of Appellees. (December 1, 2006 General Verdict in Favor of Defendants; Judgment Entry on Verdict).
 {¶ 13} Appellant now assigns the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 14} "I. THE TRIAL COURT ABUSED ITS DISCRETION, MERITING A NEW TRIAL, WHEN CONTRARY TO CONTROLLING LAW AND THE EVIDENCE, IT DECLINED TO INSTRUCT THE JURY IN COX'S MEDICAL NEGLIGENCE CASE THAT A PHYSICIAN IS RESPONSIBLE FOR THE ACTS OF A RADIOGRAPHY TECHNICIAN WHEN THE PHYSICIAN HAS THE RIGHT TO CONTROL AND DIRECT THAT PERSON'S ACTIONS, TO COX'S MATERIAL PREJUDICE.
 {¶ 15} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED THE DEFENDANT AND DEFENDANT'S EXPERT WITNESSES TO GIVE LENGTHY UNRESPONSIVE TESTIMONY IN NARRATIVE FORM, OVER COX'S OBJECTIONS, AND TO COX'S MATERIAL PREJUDICE."
 I. {¶ 16} In his first assignment of error, Appellant argues that the trial court erred in not giving a jury instruction stating that a doctor is responsible for the negligent acts of his or her agents. We disagree. *Page 6 
 {¶ 17} Generally, a party is entitled to the inclusion of requested jury instructions in the court's charge to the jury "`if they are a correct statement of the law applicable to the facts in the case * * *.'" Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591, quoting Markus Palmer, Trial Handbook for Ohio Lawyers (3 Ed. 1991) 860, Section 36.2. In reviewing a record to decide the presence of sufficient evidence to warrant the giving of a requested instruction, an appellate court should determine whether there is evidence from which reasonable minds might reach the conclusion sought by the instruction. The decision to include a particular jury instruction is a matter within the sound discretion of the trial court. Thus, we will not reverse the trial court's decision absent an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 18} In the case sub judice, Appellant requested the following instruction be given to the jury:
 {¶ 19} "EMPLOYEES AND AGENTS NEGLIGENCE
 {¶ 20} "A physician is responsible for the acts of a radiography technician when he/she is employed by the physician, or when the physician has the right to control and direct that person's actions. If you find by the greater weight of the evidence that such radiography technician was under the control and direction of the physician and that such person was negligent, you shall find that the physician was negligent.
 {¶ 21} "2. Although an employee, such as a radiography technician, may be on a hospital's payroll, the hospital may surrender its right to control and direct the *Page 7 
performance of the technician for the time being, giving such control and direction to the physician. The right to direct and control must be knowingly passed to the physician. If you find by the greater weight of the evidence that the physician had the right to control the employee's performance and the right to direct the manner of the performance, then the act of the employee is the act of the physician. If you further find by the greater weight of the evidence that the employee was negligent in the scope of the task assigned by the physician, then you shall find that the physician was negligent." 1 Ohio Jury Instructions § 331.09.
 {¶ 22} Upon review of the record, we find that there was no evidence or expert testimony presented at trial that the radiology technician in this case deviated from the standard of care or was otherwise negligent. She was not named as a defendant in this action; she was not called to testify as a witness; nor was her deposition testimony presented to the jury.
 {¶ 23} Based on the lack of any evidence of negligence on the part of the radiology technician, we find that the trial court did not abuse its discretion in refusing to give the above instruction to the jury.
 {¶ 24} Appellant's first assignment of error is overruled.
 II. {¶ 25} In his second assignment of error, Appellant argues that the trial court erred in allowing Appellee to testify in narrative form. We disagree.
 {¶ 26} Pursuant to Evid.R. 611(A), a trial court may impose reasonable restrictions upon the interrogation of witnesses where warranted.State v. Ross (1999), 135 Ohio App.3d 262, 275, 733 N.E.2d 659. A ruling or order by the court affecting the *Page 8 
conduct of a trial will not be reversed unless the complaining party demonstrates a prejudicial abuse of discretion. Holm v. Smilowitz
(1992), 83 Ohio App.3d 757, 771-772, 615 N.E.2d 1047. The term "abuse of discretion" connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 27} A review of the transcript reveals that Dr. Malosky's testimony began on page 641 of the transcript and continued to page 730, wherein the trial court recessed the trial for a lunch break. At that time Appellant's counsel first objected to Dr. Malosky's narrative testimony.
 {¶ 28} A party who fails to object at trial waives error on appeal relative to that testimony unless there was plain error. State v.Ballew (1996), 76 Ohio St.3d 244, 251, 667 N.E.2d 369. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Moreland (1990),50 Ohio St.3d 58, 62, 552 N.E.2d 894.
 {¶ 29} After the recess, Dr. Malosky resumed testimony, as contained in the transcript from pages 733 through 766. During that time, counsel for Appellant raised three separate objections. The first objection, found on page 736, was related to a reference regarding the death of actor John Ritter and was sustained by the trial court. The second objection was overruled and counsel for Appellee volunteered to rephrase the form of his question prior to a ruling on the third objection. These objections, however, were not premised on Dr. Malosky testifying in narrative form. During such *Page 9 
testimony, counsel for Appellee did ask questions of Dr. Malosky and there were very few stretches of narrative testimony.
 {¶ 30} Upon review, we find that Dr. Malosky testified as to his personal memory of the events. His testimony also included an explanation of what a cardiac catheterization procedure was, as well as an explanation of cardiology and the subject anatomy.
 {¶ 31} While we find that at points in the testimony, Dr. Malosky did continue on at length, Appellant did not object.
 {¶ 32} Upon review, and in light of the entire trial record, we are not persuaded that the trial court's actions in allowing Dr. Malosky's testimony under the circumstances constituted an abuse of discretion or negatively affected the fairness of the trial or that the outcome of the trial would have otherwise been different.
 {¶ 33} Appellant's second assignment of error is overruled.
 {¶ 34} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
 Wise, J. Farmer, P. J. and Edwards, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Costs assessed to appellants. *Page 1