[Cite as *McKinney v. Brunney*, 2014-Ohio-39.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| CAROL A. MCKINNEY | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| GREGORY A. BRUNNEY | : | Case No. 13-CA-41 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Fairfield County
                                   Court of Common Pleas, Domestic
                                   Relations Division, Case No.
                                   12DR554


JUDGMENT:                          Affirmed


DATE OF JUDGMENT:                  January 2, 2014


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RANDY L. HAPPENEY                         JASON A. PRICE
Daggar, Johnston, Miller                  126 East Chestnut Street
Ogilvie & Hampson                         Lancaster, OH 43130
144 E. Main Street, P.O. Box 667
Lancaster, OH 43130

*Baldwin, J.*

{¶1} Defendant-appellant Gregory Brunney appeals from the April 26, 2013 Order of the Fairfield County Court of Common Pleas, Domestic Relations Division, granting plaintiff-appellee Carol McKinney a civil protection order.

## STATEMENT OF THE FACTS AND CASE

{¶2} On October 29, 2012, appellee Carol McKinney filed a petition for a domestic violence civil protection order against appellant Gregory Brunney pursuant to R.C. 3113.31. Appellee sought a civil protection order on her own behalf and on behalf of the parties' minor son, Andrew. Appellant and appellee were never married. An ex parte domestic violence civil protection order was issued on October 29, 2012 and a hearing was set for November 5, 2012. The order protected both appellee and Andrew. An amended ex parte order was filed on November 5, 2012. Such order set a full hearing for November 16, 2013.

{¶3} On November 14, 2012, appellee filed a motion for a continuance of the November 16, 2012 hearing on the basis that she had just recently retained counsel and such counsel had a scheduling conflict. Pursuant to an Entry filed on November 16, 2012, the hearing was continued until December 19, 2012. The trial court, via an amended notice filed on December 7, 2012, rescheduled the hearing to December 27, 2012.

{¶4} The parties, on December 21, 2012, filed a joint motion for a continuance of the December 27, 2012 hearing. The parties, in their motion, indicated that they were involved in another case and had reached a mutual agreement on matters relating to the parties' minor child and that it was in their best interest to continue the hearing. As

memorialized in an Entry filed on December 21, 2012, the trial court continued the hearing until January 31, 2013.

{¶5}    An amended ex parte domestic violence civil protection order was filed on December 21, 2012 that dismissed Andrew as a protected party.

{¶6}    Appellee, on January 30, 2013, filed a motion for a brief continuance of the January 31, 2013 hearing because her counsel's daughter was unexpectedly scheduled for surgery in Cincinnati on January 30, 2013 and had a follow-up post-operative appointment the next day.  Pursuant to an Entry filed on January 31, 2013, the hearing was continued to February 13, 2013.

{¶7}    On February 13, 2013, appellant testified on cross-examination that he previously had lived with appellee and their son Andrew.  The two had lived together at appellee's residence from November 2009 until October 28, 2012.

{¶8}    On September 23, 2012, appellee and appellant had an argument about the dryer. Appellant testified that appellee kept leaving the wrinkle guard on so that it would beep at night when he was trying to sleep and would use energy. Appellant testified that appellee shut the wrinkle guard off and that the two were yelling at each other as appellee walked into the laundry room. When appellant pushed the bathroom room door, the door hit appellee's hand and caused a wrist injury. Appellant indicated that he did not know that appellee was behind the door and that he apologized to appellee for hitting her with the door.  Appellant denied that the door was damaged.

{¶9}    At the hearing, Joshua Brunney, appellant's son, testified that appellant talked to him about the incident of September 23, 2012. He testified that appellant

called him and told him that the bathroom door had been broken during the incident. According to Joshua Brunney, the bathroom door had been replaced.

{¶10} Appellee also testified about the events of September 23, 2012. She testified that she was in the bathroom sorting laundry on such date and that appellant, who was outside the bathroom door, was angry with her about the wrinkle free cycle on the dryer. Appellee testified that she told appellant that she would turn it off and that "[h]e told me he thought I was being a smart ass and he came at me through the door." Transcript at 103. Appellee testified that she saw white before the door struck her and that the door, which was white, came at her hard. When she caught her balance, appellee noticed that shavings from the bottom of her door had landed onto the towels behind her. According to appellee, appellant previously had tried to shave down the door and the door, leaving shavings on the bottom. Appellee testified that her wrist was hurt and that she was crying after the door hit her. When she told appellant that he had hurt her, he yelled at her but later apologized. When asked why she did not seek medical treatment until later during the week, appellee testified that she was afraid to leave the house because Andrew was there and appellant was "having an episode." Transcript at 106. Appellee testified that she had been diagnosed with a sprained wrist, was prescribed a pain medication and that she wore a splint for approximately four weeks. Appellee also testified that she still wore the splint on occasion because she had "a tremendous amount of pain in the side of her hand." Transcript at 106. Appellee testified that she was afraid of appellant and was in fear of imminent, serious physical harm from him.

{¶11} During the hearing, appellee admitted that she had filed for a civil protection order against the father of one of her other children and had made allegations in such case that she was in danger of domestic violence from him. She further conceded that, in such case, she had sought protection for herself and her child and that she was awarded an ex parte order of protection and custody of the child. As part of a domestic relations case that had been filed in Franklin County, appellee had dismissed such protection order.

{¶12} Appellee also testified that at the time she filed her petition for a protection order in this case, she had already leased an apartment. Appellee testified that she immediately began planning to move out of appellant's home after the incident of September 23, 2012 and that she moved out on October 28, 2012 with Andrew.

{¶13} Following the hearing, which concluded on April 12, 2013, the trial court issued an order of protection. The trial court, in its order, found that appellant had recklessly caused bodily injury to appellee and that appellant's testimony was not credible.

{¶14} Appellant now raises the following assignments of error on appeal:

{¶15} THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR A CIVIL PROTECTION ORDER.

{¶16} THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE MULTIPLE CONTINUANCES OF THE FINAL HEARING WITHOUT NOTICE OR AN OPPORTUNITY TO BE HEARD.

I

{¶17}   Appellant, in his first assignment of error, argues that the trial court erred in granting appellee's petition for a domestic violence civil protection order.

{¶18}   The decision whether to grant a civil protection order lies within the sound discretion of the trial court. *Olenik v. Huff,* 5th Dist. Ashland App. No. 02-COA-058, 2003-Ohio-4621, ¶ 21. The Supreme Court has repeatedly defined the term abuse of discretion as the decision is unreasonable, arbitrary, or unconscionable. See, e.g., *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶19}   We further note that a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978). A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9, 614 N.E.2d 742. The underlying rationale for giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony. *Seasons Coal Co. v. City of Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶20}   When granting a protection order, the trial court must find that the petitioner has shown by a preponderance of the evidence that the petitioner or the petitioner's family or household members are in danger of domestic violence. *Felton v. Felton*, 79 Ohio St.3d 34, 679 N.E.2d 672, paragraph two of the syllabus (1997).

"Domestic violence" is defined, in relevant part, as "the occurrence of one or more of the following acts against a family or household member:

{¶21}   "(a) Attempting to cause or recklessly causing bodily injury;

{¶22}   "(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 [menacing by stalking] or 2911.211 [aggravated trespass] of the Revised Code;.." R.C. 3113.31(A)(1).

{¶23}   Appellant specifically challenges appellee's credibility. Appellant argues that appellee was not credible because, among other matters, she previously had sought a civil protection order against the father of another of her children, she had lived without incident with appellant from September 23, 2012 until October 28, 2012 and because she had texted appellant about normal matters just a few days before appellee sought the civil protection order.

{¶24}   While appellant testified that he accidentally injured appellee by opening the door and striking her with the same, appellee's version of events differed. Appellee testified that appellant knew that she was in the bathroom, which was a confined space, and that appellant shoved open the door with force, striking her. The trial court, as the trier of fact, was best equipped to determine which version of the incident was more believable and substantiated by the evidence. We find appellee presented sufficient evidence to substantiate that appellant assaulted her and an incident occurred under R.C. 3113.31(A).

{¶25}   Upon review, we find that the trial court did not err in issuing the civil protection order.

{¶26}   Appellant's first assignment of error is, therefore, overruled.

II

{¶27}   Appellant, in his second assignment of error, argues that the trial court erred in granting appellee multiple continuances of the hearing without notice or an opportunity to be heard. In addition to the above continuances set forth in the statement of facts, appellant notes that the trial court granted appellee's oral November 5, 2012 motion for a continuance and also a motion for a continuance filed on March 12, 2013.

{¶28}   The decision to grant or deny a motion to continue is a matter entrusted to the broad discretion of the trial court. *Hartt v. Munobe*, 67 Ohio St.3d 3, 9, 615 N.E.2d 617 (1993). The term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶29}   Contrary to appellant's assertions, appellee showed good cause for requesting the continuances. At the November 5, 2012 hearing, appellee orally requested a continuance so that she could obtain counsel. As is stated above, she had filed her petition less than a week before. On November 14, 2012, appellee filed a motion for a continuance of the November 16, 2012 hearing on the basis that she had just recently retained counsel and such counsel had a scheduling conflict. The January 30, 2013 motion for a continuance was filed after counsel's daughter was unexpectedly scheduled for surgery in Cincinnati on January 30, 2013 and had a follow-up post-operative appointment the next day.  Finally, appellee asked for a continuance on March 12, 2013 because her child had been admitted to the hospital on March 7, 2012 and was expected to remain hospitalized until March 16, 2012 due to a serious medical

condition. We find that the trial court did not act unconscionably, unreasonably or arbitrarily in granting the continuances.

{¶30}   Moreover, as noted by appellee, the trial court, in granting the order of protection, backdated it to October 29, 2012, the date that the petition was filed, and made it effective for a period of five years, or until October 29, 2017. Appellant, therefore, cannot show that he was prejudiced by the continuances.

{¶31}   Appellant's second assignment of error is, therefore, overruled.

{¶32}   Accordingly, the judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Baldwin, J.

Farmer, P.J. and

Wise, J. concur