[Cite as *Watts v. Watts*, 2014-Ohio-1901.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| FREDA M. WATTS | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13-CA-63 |
| | : | |
| LARRY D. WATTS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Fairfield County
                                Court of Common Pleas, Domestic
                                Relations Division, Case No. 12 DR
                                244



JUDGMENT:                       AFFIRMED




DATE OF JUDGMENT ENTRY:         May 1, 2014




APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

FREDA M. WATTS, PRO SE                   R.C. STOUGHTON, SR.
3795 Old Columbus, Suite #1             121 North High Street
Caroll, OH 43112                        Lancaster, OH 43130

*Delaney, J.*

{¶1} Defendant-Appellant Larry D. Watts appeals the August 20, 2013 judgment entry of the Fairfield County Court of Common Pleas, Domestic Relations Division.

## FACTS AND PROCEDURAL HISTORY

{¶2} After a long-term marriage, Plaintiff-Appellee Freda M. Watts filed a complaint for divorce from her husband, Defendant-Appellant Larry D. Watts.[1] Mrs. Watts filed for divorce in Tuscarawas County, but moved to Fairfield County to reside with her daughter during the pendency of the divorce proceedings.

{¶3} On May 16, 2012, Mrs. Watts filed a Petition for Domestic Violence Civil Protection Order ("DVCPO") with the Fairfield County Court of Common Pleas, Domestic Relations Division. Mrs. Watts requested the trial court grant her a DVCPO against Mr. Watts. The trial court granted an Ex Parte Civil Protection Order on May 17, 2012.

{¶4} A full hearing was held on June 28, 2012 and January 7, 2013. Mrs. Watts testified the Tuscarawas County Court of Common Pleas, Domestic Relations Division issued a restraining order against Mr. Watts as part of the divorce proceedings, but Mrs. Watts felt a DVCPO would provide her with more protection from Mr. Watts. She was afraid her husband would cause her physical harm. Mrs. Watts described her 40-year marriage to Mr. Watts as an abusive relationship. She recounted abusive incidents during their marriage. On May 16, 2007, Mrs. Watts testified her husband shoved her during an altercation, which she reported to the Tuscarawas County Sheriff's Department. In 2007, Mrs. Watts removed the guns from their home to protect Mr.

---

[1] According to Mrs. Watts's brief, the parties' divorce was finalized on March 7, 2013.

Watts because he had threatened to shoot himself and Mrs. Watts felt her husband might also shoot her. In 2008, Mrs. Watts testified her husband pushed her into a bathroom vanity, slapped her, grabbed her by the throat, and spit in her face. Mrs. Watts reported the incident to the sheriff's department.

{¶5} In 2011, Mrs. Watts required heart surgery. While at the Cleveland Clinic recovering from her heart surgery, it was necessary for hospital security to escort Mr. Watts from the premises and prevent him from visiting Mrs. Watts during her recovery. Mrs. Watts testified that while she was at the hospital, her husband harassed her to the point that her blood pressure rose and caused her stress.

{¶6} Mrs. Watts testified to another incident in 2011 where Mr. Watts pushed her while stepping on her foot, causing injury to her foot and bruises on her arm. Mrs. Watts's daughter confirmed she observed the bruises and the injury to her mother's foot.

{¶7} The Watts's two daughters testified that they witnessed their father abuse their mother during their parents' marriage.

{¶8} Mr. Watts testified and denied committing any abuse upon his wife.

{¶9} On January 15, 2013, the magistrate issued her Findings of Fact and Conclusions of Law granting an Order of Protection. The Order of Protection was filed on January 15, 2013.

{¶10} Mr. Watts filed objections to the magistrate's decision.

{¶11} The trial court overruled the objections and adopted the magistrate's decision. It is from this decision Mr. Watts now appeals.

**ASSIGNMENTS OF ERROR**

{¶12} Mr. Watts raises three Assignments of Error:

{¶13} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY FINDING THAT THERE WAS NO ERROR OF LAW IN THE MAGISTRATE'S DECISION.

{¶14} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY FINDING THAT THERE WAS CREDIBLE EVIDENCE OF RECORD SUFFICIENT TO SUPPORT THE GRANTING OF THE PROTECTION ORDER.

{¶15} "III. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY FINDING THAT THERE WAS NO ABUSE OF THE MAGISTRATE'S DISCRETION."

**ANALYSIS**

{¶16} We consider Mr. Watts's three Assignments of Error together because they are interrelated. Mr. Watts argues the trial court erred in granting the Order of Protection. We disagree.

{¶17} The decision whether to grant a civil protection order lies within the sound discretion of the trial court. *Olenik v. Huff*, 5th Dist. Ashland App. No. 02–COA–058, 2003–Ohio–4621, ¶ 21. The Supreme Court has repeatedly defined the term abuse of discretion as the decision is unreasonable, arbitrary, or unconscionable. *See*, *e.g.*, *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶18} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E.*

*Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978). A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson*, 66 Ohio St.3d 610, 1993–Ohio–9, 614 N.E.2d 742. The underlying rationale for giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony. *Seasons Coal Co. v. City of Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶19} When granting a protection order, the trial court must find that the petitioner has shown by a preponderance of the evidence that the petitioner or the petitioner's family or household members are in danger of domestic violence. *Felton v. Felton*, 79 Ohio St.3d 34, 679 N.E.2d 672 (1997), paragraph two of the syllabus. "Domestic violence" is defined, in relevant part, as "the occurrence of one or more of the following acts against a family or household member:"

(a) Attempting to cause or recklessly causing bodily injury;

(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 [menacing by stalking] or 2911.211 [aggravated trespass] of the Revised Code; * * *

*McKinney v. Brunney*, 5th Dist. No. 13-CA-41, 2014-Ohio-39, ¶ 18-22, citing R.C. 3113.31(A)(1).

{¶20} Mr. Watts contends the evidence in the record does not support a finding of domestic violence under R.C. 3113.31(A)(1)(a) or 3113.31(A)(1)(b) based on the dates of the alleged incidents that Mrs. Watts raised to support her petition for the DVCPO. Mr. Watts argues that long ago acts cannot be used to show a current danger of domestic violence.

{¶21} The Tenth District Court of Appeals in *Strassel v. Chapman*, 10th Dist. Franklin No. 09AP-793, 2010-Ohio-4376, reviewed the analysis necessary to determine whether to grant a DVCPO:

> "[C]ivil protection orders are intended to prevent violence before it happens." *Young v. Young,* 2d Dist. No.2005-CA-19, 2006-Ohio-978, ¶ 105. Where a trial court grants a CPO based on a petitioner's fear of imminent serious physical harm, "the critical inquiry under [R.C. 3113.31] 'is whether a reasonable person would be placed in fear of imminent (in the sense of unconditional, non-contingent), serious physical harm.' " *Fleckner v. Fleckner,* 10th Dist. No. 07AP-988, 2008-Ohio-4000, ¶ 20, 177 Ohio App.3d 706, 895 N.E.2d 896, quoting *Maccabee v. Maccabee* (June 29, 1999), 10th Dist. No. 98AP-1213, quoting *Strong v. Bauman* (May 21, 1999), 2d Dist. No. 17256.
>
> "Threats of violence constitute domestic violence for the purposes of R.C. 3113.31 if the fear resulting from those threats is reasonable." *Fleckner* at ¶ 21, quoting *Lavery v. Lavery* (Dec. 5, 2001), 9th Dist. No. 20616, appeal not allowed (2002), 95 Ohio St.3d 1409 (internal quotation marks omitted). "The reasonableness of the fear should be determined

with reference to the history between the petitioner and the respondent."
*Id.,* quoting *Gatt v. Gatt* (Apr. 17, 2002), 9th Dist. No. 3217-M, citing *Eichenberger v. Eichenberger* (1992), 82 Ohio App.3d 809, 816, 613 N.E.2d 678.

Courts use both a subjective test and an objective test in determining the reasonableness of the petitioner's fear. The subjective test "inquires whether the respondent's threat of force actually caused the petitioner to fear imminent serious physical harm." *Fleckner* at ¶ 23 (collecting cases). By contrast, the objective test "inquires whether the petitioner's fear is reasonable under the circumstances." *Id.*

*Strassell v. Chapman*, 10th Dist. Franklin No. 09AP-793, 2010-Ohio-4376, ¶7-9

{¶22} The trial court determined there was credible evidence to show a history of domestic violence between Mr. and Mrs. Watts. The evidence in the record shows the most recent incident of domestic violence occurred in 2011. After that time, Mrs. Watts removed herself from the situation by filing for divorce and moving to a different county. Mrs. Watts testified that unless the trial court granted the DVCPO, Mrs. Watts was fearful that Mr. Watts would continue to harass her or even seriously injure her. The trial court could determine that Mrs. Watts's fear of harm was reasonable based on her history with Mr. Watts. Based on the record presented, we find there is credible evidence in the record to show Mrs. Watts proved by a preponderance of the evidence that she feared imminent serious physical harm by Mr. Watts and her fear was reasonable under the circumstances.

{¶23} The three Assignments of Error of Defendant-Appellant Larry D. Watts are overruled.

## CONCLUSION

{¶24} The judgment of the Fairfield County Court of Common Pleas, Domestic Relations Court is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Wise, J., concur.