[Cite as *Tromler v. Tromler*, 2025-Ohio-931.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ELIZABETH TROMLER, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Petitioner - Appellee | : | Hon. Michael D. Hess, J. |
| | : | Hon. Jason P. Smith, J. |
| | : | |
| | : | Judges Hess and Smith Sitting by |
| | : | Assignment by the Supreme Court of |
| | : | Ohio |
| | : | |
| -vs- | : | |
| | : | |
| LASZLO TROMLER, | : | Case No. 2024 CA 0027 |
| | : | |
| Respondent - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County
Court of Common Pleas, Case No.
2023 CPO 0461

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     March 18, 2025

APPEARANCES:

For Petitioner-Appellee                    For Respondent-Appellant

CATHERINE D. GOLDMAN                NICOLE A. CRUZ
Weldon, Huston & Keyser, LLP        Stafford Law Co., L.P.A.
76 N. Mulberry Street                     North Point Tower
Mansfield, Ohio 44902                    1001 Lakeside Avenue, Suite 1300
                                                    Cleveland, Ohio 44114

*Baldwin, P.J.*

**{¶1}** The appellant, Laszlo Tromler, appeals the trial court's decision granting appellee Elizabeth Tromler's Petition for Domestic Violence Civil Protection Order.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** The parties were married on or about October 30, 2016. The marriage was tumultuous and volatile, and has resulted in multiple filings in Lorain County. The appellee was, at all times relevant hereto, a resident of Richland County. The appellant is six feet tall and weighs 200 pounds, while the appellee is 5 feet 6 inches tall and weighs 118 pounds.

**{¶3}** In January of 2023, the appellee named the appellant as respondent in a petition for a domestic violence civil protection order filed in Lorain County Case No. 23DV091851. On January 20, 2023, the Lorain County Court of Common Pleas granted the appellee's petition and issued an Ex Parte Domestic Violence CPO. On July 13, 2023, the appellee filed a dismissal of Case No. 23DV091851, and filed the Petition for Domestic Violence Civil Protection (DVCPO) Order in the case sub judice. The appellant argues that the appellee's dismissal of the Lorain County matter was filed on July 19, 2023, after her Petition was filed in this matter, and that she improperly engaging in forum shopping.

**{¶4}** The appellee's two daughters, whose dates of birth are 9/30/96 and 10/20/2003, resided with her at the time she filed her Richland County Petition. An Ex Parte DVCPO was issued on July 13, 2023, and the matter was scheduled for a full hearing on July 27, 2023. The hearing was continued three times, at the request of the appellee, the appellant, and by the trial court respectively.

{¶5} The matter proceeded for a half-day hearing on the afternoon of November 29, 2023. At the onset of the hearing, the magistrate addressed the issue of the date on which the appellee filed her dismissal of the Lorain County DVCPO matter; it was noted on the record that the notice of dismissal filed by the appellee in the Lorain DVCPO matter displays a time-stamp reading 7/13/2023. Thus, while the Lorain County court may have noted the dismissal as "per consent 7/19" as argued by the appellant, it was nevertheless filed by the appellee, and time-stamped by the Lorain County Clerk of Courts, on July 13, 2023. The hearing proceeded, and the appellee presented evidence that the appellant had committed acts of domestic violence against her in Florida in 2020, and in Ohio in 2021, and on multiple other occasions - most recently in December of 2022.

{¶6} More specifically, the appellee testified that during the late evening hours of December 21, 2022, and extending into the morning of December 22, 2022, the appellant struck her with an open hand, pulled her hair, spit on her, kicked her, and strangled her. He took and damaged her phone, and took and kept her car keys from her. The appellee was afraid that the appellant was going to kill her, and did not feel free to leave. She testified that the appellant forced her to have sex with him, and did not stop when she told him to, while she was lying in bed in a fetal position afraid to move. The appellee made a report to law enforcement later that same day, and submitted to a Sexual Assault Exam at the hospital. She suffered multiple bruises, scratches, and had a toenail ripped off.

{¶7} The appellee concluded her testimony at approximately 4:00 p.m., and the magistrate asked appellant's counsel if he could complete his cross-examination by 4:30. When appellant's counsel answered that he could not, the magistrate proceeded to continue the matter for an additional half-day hearing:

MAGISTRATE METCALF: It is 4:03. I don't mind going and keeping court staff here until 4:30, and I was planning on doing that today if we could get done. Do you think - -

MR. STAFFORD: Well, figuring the direct examination consumed all of today in reference to this, my cross-examination is probably going to be lengthier than the direct examination.

MAGISTRATE METCALF: A couple of hours, you think?

MR. STAFFORD: Correct, at least, Your Honor.

The matter was adjourned, the parties' counsel were instructed to see the scheduling clerk for a date and time for the continued hearing. The matter was scheduled to continue on the afternoon of January 16, 2024.

{¶8} The hearing reconvened on January 16, 2024, at 1:00 p.m. The appellee was the only witness called to testify by either party over both days. The appellant did not testify on either date, nor did he appear for either hearing. The appellant was scheduled to begin the hearing with his cross-examination of the appellee, and the magistrate inquired as to whether the appellant was going to call any witnesses. When appellant's counsel advised the court that he did not anticipate calling any witnesses of his own, the magistrate stated:

MAGISTRATE METCALF: Yes. Okay. So if you have no further witnesses today, then you would have - - I would give you until 4:00 on this witness, which would be three hours, we're cutting into that, which would be more time than was permitted on direct examination. I think it is certainly sufficient

time for you to make whatever points you need to make in this protection

order hearing today.

The appellant objected for the record, and proceeded to cross-examine the appellee for approximately three hours. The parties concluded, the magistrate took the matter under advisement, and the parties thereafter submitted written closing arguments.

{¶9}   In addition, on January 26, 2024, the appellant filed a Proffer in which he argued that, due to time restrictions imposed by the trial court on the second day of hearing, he had intended but was unable to present "additional evidence concerning the parties' unique relationship and lifestyle, and evidence concerning appellee's character and inconsistencies in sworn statements as to the events of December 21, 2022 and December 22, 2022." He further listed "additional" exhibits that would have been presented. He also filed a Motion for New Trial on the same date.

{¶10}  On March 7, 2024, the magistrate issued a Magistrate's Decision and Entry of a Domestic Violence Civil Protection Order (CPO) Full Hearing (R.C. 3113.31). In addition, the court issued a Court's Response to Appellant's Proffer in which it found that two of the seven exhibits about which the appellant complained were offered during the hearing but excluded as irrelevant. A third exhibit was admitted for impeachment purposes. The trial court considered the remaining four exhibits and found that they were never offered into evidence, though sufficient time to conduct an effective, relevant cross examination had been provided.

{¶11}  On March 21, 2024, the appellant filed a timely Objection to the Magistrate's Decision and a transcript of the proceedings. The Objections included:

(1) The magistrate erred as a matter of law and abused his discretion by imposing time restriction solely upon the appellant, after the conclusion of the appellee's direct examination, and without notice to appellant;

(2) The magistrate erred as a matter of law and abused his discretion by granting appellee's Petition for Domestic Violence Civil Protection Order, and issuing a five (5) year Protection Order; and,

(3) The magistrate erred as a matter of law and abused his discretion by issuing a protective order for a term of five (5) years.

{¶12} The trial court issued a Judgment Entry on May 1, 2024, in which it noted that the transcript filed by the appellant was incomplete, ending at 4:09:33 p.m. while the recording extends to 4:26:53 p.m.; the court further indicated that it listened directly to the tape of that missing time period. The trial court noted that it reviewed the record and considered all other miscellaneous pending motions, held that the magistrate did not err as a matter of law and did not abuse his discretion by granting the requested relief for the five-year CPO, and adopted and incorporated the magistrate's decision as the judgment and order of the court.

{¶13} The appellant filed a timely appeal, and sets forth the following three assignments of error:

{¶14} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO GRANT THE RESPONDENT'S MOTION TO DIMSISS [SIC] WHEN THE PETITIONER ENGAGED IN IMPROPER FORUM SHOPPING."

{¶15} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY IMPOSING TIME RESTRICTIONS SOLELY UPON THE

RESPONDENT, AFTER THE CONCLUSION OF THE PETITIONER'S DIRECT EXAMINATION, AND WITHOUT NOTICE TO THE RESPONDENT."

{¶16} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY GRANTING THE PETITIONER'S PETITION FOR DOMESTIC VIOLENCE CIVIL PROTECTION ORDER AND BY ISSUING A FIVE (5) YEAR PROTECTION ORDER."

{¶17} The appellant argues that the trial court erred in not dismissing the appellee's petition for improper venue, in allowing him only three hours to cross-examination the appellee, and in granting the civil protection order with a five year term. We disagree.

### Assignment of Error Number I

{¶18} The appellant argues in his first assignment of error that the trial court abused its discretion when it failed to find that the appellee engaged in improper forum shopping. We disagree.

### STANDARD OF REVIEW

{¶19} In order to find an abuse of discretion, we must find that the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

### ANALYSIS

{¶20} The appellant argues that the appellee's Richland County Petition for Domestic Violence CPO was filed prior to the dismissal of the Lorain County matter on July 19, 2024. The appellant argues further that, as such, the appellee is forum shopping and her Richland case must be dismissed. However, our review of the record establishes

that the appellee filed her dismissal of the Lorain County matter on July 13, 2024, the same day she filed her Richland County petition. Civ.R. 3(C) addresses proper venue, and provides that, in actions for a civil protection order, venue is proper, inter alia, in the county in which the petitioner currently or temporarily resides. Civ.R. 3(C)(10). We find that the trial court did not err, nor did it abuse its discretion, when it found that the appellee had dismissed her Lorain County case on July 13, 2023, and that her petition was properly before the Richland County court.

{¶21} Furthermore, the fact that a temporary protection order may have been issued in connection with the parties' divorce proceedings does not alter our conclusion. Indeed, as set forth by the Ohio Supreme Court, "[a] court is not precluded by statute or public policy reasons from issuing a protection order pursuant to Ohio's civil domestic violence statute, R.C. 3113.31, where the parties' dissolution or divorce decree already prohibits the parties from harassing each other." *Felton v. Felton*, 1997-Ohio-302, paragraph one of the syllabus. Nor does a no-contact order that may have been issued in connection with criminal proceedings that arose as a result of the events of December 21-22, 2022, alter our conclusion. The appellant's first assignment of error is without merit.

### *Assignment of Error Number II*

{¶22} The appellant argues in his second assignment of error that the trial court erred as a matter of law and abused its discretion by imposing time restrictions solely upon the respondent, after the conclusion of the petitioner's direct examination, and without notice to the respondent. We disagree.

## STANDARD OF REVIEW

**{¶23}** "A ruling or order by the court affecting the conduct of a trial will not be reversed unless the complaining party demonstrates a prejudicial abuse of discretion." *Cox v. Cardiovascular Consultants,* 2007-Ohio-5468, (5th Dist.) ¶ 26. As set forth above, in order to find an abuse of discretion, we must find that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Blakemore, supra.*

## ANALYSIS

**{¶24}** It is axiomatic that the trial court has broad discretion to exercise control over its proceedings. "A trial judge has authority to exercise control over the proceedings and the discretion to impose control over the proceedings." *State v. Drummond*, 2006-Ohio-5084, ¶ 51. Furthermore, Ohio Rule of Evidence 611 addresses the mode and order of interrogation and the presentation of testimony, and provides in pertinent part:

> (A) **Control by Court.** The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

After being advised by the appellant that he did not intend on calling any witnesses of his own, and that he was simply going to cross-examine the appellee, the magistrate told the appellant, at the onset of the January 16, 2024, hearing, that he would have the entire

afternoon - three hours - within which to complete his cross-examination of the appellee, which was longer than the appellee's counsel took on direct.

**{¶25}** The Ohio Supreme Court has defined "abuse of discretion" as an unreasonable, arbitrary, or unconscionable use of discretion, or "as a view or action that no conscientious judge could honestly have taken." *State v. Brady*, 2008-Ohio-4493, ¶ 23. There is nothing in the record to establish that the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trail court made a decision that no conscientious judge would have honestly taken. The trial court has full discretion to control the proceedings before it, and did so properly in this case. We find that the trial court did not abuse its discretion when it limited the appellant's cross-examination of the appellee to three hours, and the appellant's second assignment of error is without merit.

### *Assignment of Error Number III*

**{¶26}** The appellant argues in his third assignment of error that the trial court erred as a matter of law and abused its discretion by granting the appellee's Petition for Domestic Violence Civil Protection Order (CPO) and by issuing a five (5) year protection order, and submits that the trial court's decision to grant the CPO is contrary to the record. We disagree.

### STANDARD OF REVIEW

**{¶27}** The decision whether to grant a civil protection order lies within the sound discretion of the trial court. *Singhaus v. Zumbar*, 2015-Ohio-4755, ¶12 (5th Dist.). Again, in order to find an abuse of discretion this court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore, supra.*

{¶28} A petition for a domestic violence civil protection order is governed by R.C. 3113.31, which states in relevant part:

(A)   As used in this section:

(1)   "Domestic violence" means any of the following:

(a) The occurrence of one or more of the following acts against a family or household member:

(i)  Attempting to cause or recklessly causing bodily injury;

(ii) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 [menacing by stalking] or 2911.211 [aggravated trespass] of the Revised Code;

\*\*\*

(iv) Committing any sexually oriented offense.

As set forth by the Ohio Supreme Court: "[w]hen granting a protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence. R.C. 3113.31(D)." *Felton, supra,* at paragraph two of the syllabus. "[A] preponderance of the evidence means the greater weight of evidence. \* \* \* The greater weight may be infinitesimal, and it is only necessary that it be sufficient to destroy the equilibrium." *State v. Stumpf*, 32 Ohio St. 3d 95, 102 (1987). Stated another way, preponderance of the evidence is "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact

sought to be proved is more probable than not." *Black's Law Dictionary* 1182 (6th Ed.1990).

**{¶29}** A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Eastley v. Volkman,* 2012-Ohio-2179. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418 (1997).

## ANALYSIS

**{¶30}** The sufficiency of evidence in support of an order of protection was addressed by this Court in *Ferguson v. Ferguson,* 2021-Ohio-297 (5th Dist.):

> In *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), the Ohio Supreme Court noted the choice between credible witnesses and their conflicting testimony rests solely with the finder of fact, and an appellate court may not substitute its judgment for that of the fact finder. A trial court is in a much better position than an appellate court to weigh the evidence, because it views the witnesses and observes their demeanor, gestures, and inflections. See *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984). The fact finder is free to believe all, part, or none of the testimony of each witness. See *State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Therefore, a judgment supported by competent and credible evidence going to all the elements of the case

generally will not be disturbed by a reviewing court. See *Masitto v. Masitto*, 22 Ohio St.3d 63, 488 N.E.2d 857 (1986).

In *Watts v. Watts*, 5th Dist. Fairfield No. 13-CA-63, 2014-Ohio-1901, we cited to the Tenth District's analysis necessary to determine whether to grant a domestic violence CPO:

Civil protection orders are intended to prevent violence before it happens. *Young v. Young*, 2d Dist. No.2005-CA-19, 2006-Ohio-978, ¶ 105. Where a trial court grants a CPO based on a petitioner's fear of imminent serious physical harm, the critical inquiry under [R.C. 3113.31] is whether a reasonable person would be placed in fear of imminent (in the sense of unconditional, non-contingent), serious physical harm. *Fleckner v. Fleckner*, 10th Dist. Franklin No. 98AP-1213, quoting *Strong v. Bauman*, (May 21, 1999), 2d Dist. No. 17256.

Threats of violence constitute domestic violence for the purposes of R.C. 3113.31 if the fear resulting from those threats is reasonable. *Fleckner* at ¶ 21, quoting *Lavery v. Lavery* (Dec. 5, 2001), 9th Dist. No. 20616, appeal not allowed (2002), 95 Ohio St.3d 1409 (internal quotation marks omitted). The reasonableness of the fear should be determined with reference to the history between the petitioner and the respondent. *Id.*, quoting *Gatt v. Gatt* (April 17, 2002), 9th Dist. No. 3217-M, citing *Eichenberger v. Eichenberger*, (1992), 82 Ohio App.3d 809, 613 N.E.2d 678.

Courts use both a subjective and an objective test in determining the reasonableness of the petitioner's fear. The subjective test inquires whether the respondent's threat of force actually caused the petitioner to fear imminent serious physical harm. *Fleckner* at ¶ 23 (collecting case). By contrast, the objective test inquires whether the petitioner's fear is reasonable under the circumstances. *Id.*

*Strassel v. Chapman*, 10th Dist. Franklin No. 09AP-793, 2010-Ohio-4376, paragraphs 7-9.

Further, trial courts may take every action into consideration, even if some actions in isolation would not seem particularly threatening. *McElroy v. McElroy*, 5th Dist. Guernsey No. 15 CA 27, 2016-Ohio-5148. Evidence of past abuse is relevant and may be an important factor in determining whether there is a reasonable fear of further harm; however, even with past abuse, there must be some competent, credible evidence that there is a present fear of harm. *Solomon v. Solomon*, 157 Ohio App.3d 807, 2004-Ohio-2486, ¶ 23 (7th Dist.). The reasonableness of fear should be determined with reference to the history between the petitioner and respondent. *Fleckner v. Fleckner*, 10th Dist. Franklin No. 07AP-988, 2008-Ohio-4000.

*Id.* at ¶¶34-36. The appellant specifically contends that there was insufficient evidence that the appellee was in imminent danger, and that the appellee failed to show by a preponderance of the evidence that she feared for her physical safety. We disagree.

{¶31} The appellee testified that on or about December 22, 2022, the appellant struck her with an open hand, pulled her hair, spit on her, kicked her, and strangled her. He took and damaged her phone, and took and kept her car keys from her. The appellee testified that she was afraid that the appellant was going to kill her, and did not feel free to leave. He forced her to have sex with him, and did not stop when she told him to do so. The appellee testified that she suffered multiple bruises, scratches, and a toenail being ripped off. Her testimony regarding these events did not waiver. The record therefore demonstrates sufficient evidence upon which the trial court could have found by a preponderance of the evidence that the appellee was in fear for her physical safety. While the appellant cross-examined the appellee in an attempt to discredit her testimony, he did not present evidence directly contradicting the appellee's presentation of testimony regarding the abuse she endured at the hands of the appellant. The magistrate was in the best position to ascertain the veracity of the appellee, and clearly found her testimony compelling.

{¶32} We therefore find that there was sufficient evidence in this case to support an order of protection, the trial court did not err in granting the appellee the order of protection sought in her petition, nor did it err in granting the order for five years. The appellee is five foot six inches tall and 118 pounds, and her two daughters live with her. The appellant is six feet tall and weighs two hundred pounds, and has a history of violence towards the appellee. The appellee suffered multiple injuries at the hands of the appellant, and was in fear for her life. The appellants' third assignment of error is, therefore, without merit.

## CONCLUSION

{¶33} Based upon the foregoing, we hereby overrule the appellant's assignments of error numbers one, two, and three, and affirm the decision of the Richland County Court of Common Pleas.

By: Baldwin, P.J.

Hess, J. and

Smith, J. concur.