[Cite as *David v. Fulp*, 2024-Ohio-1461.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TERESA DAVID, | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Petitioner - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ELLA M. FULP, | : | Case No. 2023 AP 08 0046 |
| | : | |
| Respondent - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Tuscarawas County
                              Court of Common Pleas, Case No.
                              2023 VI 06 0227


JUDGMENT:                     Affirmed


DATE OF JUDGMENT:             April 17, 2024


APPEARANCES:

For Petitioner-Appellee                    For Respondent-Appellant

TERESA DAVID, Pro Se                        SCOTT M. ZURAKOWSKI
2993 Brightwood Rd. SE                      MADELINE G. CONNOLLY
New Philadephia, Ohio 44663                 Krugliak, Wilkins, Griffiths
                                            & Dougherty Co., L.P.A.
                                            4775 Munson Street, N.W.
                                            Canton, Ohio 44718

*Baldwin, J.*

{¶1} The appellant appeals the trial court's decision approving the magistrate's order granting the appellee's petition for a domestic violence civil protection order.

### STATEMENT OF THE FACTS AND THE CASE

{¶2} The parties to this matter are sisters engaged in a dispute over the property of their recently deceased father, including his residence and the personal property contained thereon. A physical altercation occurred between the parties when the appellant came to their father's residence to borrow a lawn mower in order for the appellant's boyfriend to mow his lawn. Police officers were called to the scene and a report was filed.

{¶3} The appellee thereafter filed a petition for domestic violence civil protection order against her sister, the appellant, on June 14, 2023. An ex parte order was issued, and the matter was set for a full hearing on June 21, 2023 before the magistrate. The appellant appeared at the hearing and "requested a continuance so that she may obtain legal counsel." The magistrate granted the appellant's request, and rescheduled the hearing for July 12, 2023 from 10:00 a.m. to 12:00 p.m. The new hearing date was selected by the magistrate during the June 21, 2023 hearing, and the magistrate verbally gave the appellant personal notice of the July hearing date and time.

{¶4} On June 22, 2023, the magistrate issued a Magistrate's Order memorializing the events of the June 21, 2023 hearing, including the appellant's request for a continuance and the new July 12, 2023 hearing date. The clerk of courts issued a copy of the Magistrate's Order to the parties at the addresses each had provided to the

court. The appellant's copy of the Magistrate's Order was returned, marked "return to sender, not deliverable as addressed, unable to forward."

{¶5} The July 12, 2023 hearing proceeded before the magistrate as scheduled. The magistrate noted on the record that the appellee's petition had been filed on June 14, 2023, the initial hearing on which had been continued. The magistrate noted further that following the June 21, 2023 hearing the appellant filed two petitions for civil protective order against the appellee. All three petitions were scheduled for hearing at the same time on July 12, 2023. Finally, the magistrate noted that the appellant had received personal notice of the hearing on the appellee's petition at the June 21, 2023 hearing, and had received written notices of the hearing on her two petitions. The appellant did not appear for the hearing at the designated time. The court waited approximately fifteen minutes, and when the appellant still had not appeared began the hearing.

{¶6} The appellee was sworn in and the magistrate inquired as to the basis for her petition for a protection order against the appellant. The appellee's daughter was then called to the stand, sworn in, and began to testify, during which the appellant appeared. The trial court permitted the appellant to cross-examine the appellee's daughter, but told the appellant that the court would not "re-do" the testimony of the appellant.

{¶7} The appellant cross-examined the appellee's daughter. She was then permitted to cross-examine the appellee. She thereafter called herself as a witness in order to present her own testimony. The magistrate inquired based upon the information contained in the appellant's petitions, and the appellant was permitted to present her case, which included the presentation of testimony from her boyfriend, who was a witness to the physical altercation giving rise to the appellee's petition.

{¶8}   In light of the fact that the parties had each filed petitions for protection orders against each other, the magistrate asked the parties if they would each agree to mutual restraining orders until their father's estate could be settled. The appellee agreed to the mutual restraining orders; the appellant did not.

{¶9}   At the conclusion of the July 12, 2023 hearing the magistrate rendered a decision from the bench in which she granted "the protection orders all around;" that is, the magistrate granted not only the appellee's petition for a restraining order against the appellant, but also granted the appellant's petition for a restraining order against the appellee. The magistrate ordered that the mutual restraining orders would be in place for two years in order to give the parties sufficient time to resolve the issues surrounding probate of their father's estate.

{¶10}  On July 24, 2023 the trial court issued a Form 10.01-I Order of Protection in which the magistrate made findings of fact and granted the appellee's request for a protection order against the appellant.[1] The Order of Protection was signed by both the magistrate and the trial court judge. It did not set forth in the case caption that it was a magistrate's decision, nor did it contain a notice to the parties regarding the filing of objections to the decision.

{¶11}  The appellant did not file objections to the Order of Protection.

{¶12}  The appellant filed a timely appeal in which she sets forth the following assignments of error:

---

[1] The record in this case does not indicate whether the magistrate issued similar orders of protection in the appellant's two petitions for protection order cases.

**{¶13}** "I. THE TRIAL COURT ERRED IN GRANTING A CIVIL PROTECTION ORDER WHEN IT FAILED TO PROPERLY SERVE RESPONDENT/APPELLANT WITH THE NOTICE OF THE HEARING."

**{¶14}** "II. THE TRIAL COURT ERRED IN GRANTING THE CIVIL PROTECTION ORDER AGAINST APPELLANT WHEN THE TRIAL COURT HEARD TESTIMONY AGAINST APPELLANT FROM APPELLEE AND HER DAUGHTER WITHOUT APPELLANT PRESENT, THEREBY VIOLATING APPELLANT'S DUE PROCESS RIGHTS."

**{¶15}** "III. THE TRIAL ERRED IN FINDING THERE WAS COMPETENT, CREDIBLE EVIDENCE TO DETERMINE THAT PETITIONER SHOWED BY A PREPONDERANCE OF THE EVIDENCE THAT SHE IS IN DANGER OF DOMESTIC VIOLENCE."

## STANDARD OF REVIEW

**{¶16}** A petition for a domestic violence civil protection order is governed by R.C. 3113.31, which states in relevant part:

(A)     As used in this section:

(1)     "Domestic violence" means any of the following:

(a)     The occurrence of one or more of the following acts against a family or household member:

(i) Attempting to cause or recklessly causing bodily injury;

(ii) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 [menacing by stalking] or 2911.211 [aggravated trespass] of the Revised Code[.]

**{¶17}** "When granting a protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence. R.C. 3113.31(D)." *Felton v. Felton,* 79 Ohio St.3d 34, 679 N.E.2d 672 (1997), paragraph two of the syllabus. "Preponderance of the evidence" is "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not." *Black's Law Dictionary* 1182 (6th Ed.1990).

**{¶18}** A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

**{¶19}** The decision whether to grant a civil protection order lies within the sound discretion of the trial court. *L.L. v. R.B.,* 5th Dist. Guernsey No. 17 CA 02, 2017-Ohio-7553, 2017 WL 3980553; *Singhaus v. Zumbar*, 5th Dist. Tuscarawas No. 2015AP020007, 2015-Ohio-4755, 2015 WL 7300195. In order to find an abuse of discretion, this court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**ANALYSIS**

{¶20} The appellant failed to object to the magistrate's decision. Normally, the failure to object to a magistrate's decision would preclude raising assignments of error on appeal to which objections had not been made to the trial court. However, in this case the Order of Protection from which the appellant has appealed was in the form of Supreme Court Form 10.01-I, which neither referenced the order as a "magistrate's order" nor contained the necessary information regarding the filing of objections.

{¶21} This court addressed a magistrate's use of the standardized order of protection form and an appeal therefrom in the absence of having filed an objection in *Calzo v. Lynch,* 5th Dist. Richland No. 11CA45, 2012-Ohio-1353:

> . . . an order that grants a protection order or refuses to grant a protection order is a final, appealable order. However, the dictates of Civ.R. 53 still come into play with an Order of Protection granted by a magistrate utilizing Form 10.01–I. Specifically, Civ.R. 53(D)(3)(a)(iii) requires a magistrate's decision to include conspicuous language informing the parties of their responsibility to object to the decision. As the *Larson* case noted, however, if the magistrate fails to provide the parties with the notice pursuant to Civ.R. 53(D)(3)(a)(iii), a party may raise their arguments for the first time on appeal. Larson at ¶ 14. See also, *In re A. W.C.*, 4th Dist. No. 09CA31, 2010–Ohio–3625, ¶ 18; *Picciano v. Lowers*, 4th Dist. No. 08CA38, 2009–Ohio–3780, ¶ 17; *Chibinda v. Depositors Ins.*, 12th Dist. No. CA2010–09–254, 2011–Ohio–2597, ¶ 37; *D.A.N. Joint Venture III, L.P. v. Armstrong*, 11th Dist. No.2006–L089, 2007–Ohio–898, ¶ 22–23; *Ulrich v.*

*Mercedes–Benz USA, L.L.C.*, 9th Dist. No. 23550, 2007–Ohio–5034, ¶ 15. Accordingly, an Order of Protection issued by a magistrate and simultaneously signed by a judge utilizing Form 10.01–I is a final, appealable order and because Form 10.01–I does not contain Civ.R. 53(D)(3)(a)(iii) language, parties are relived from the waiver rule and may raise their arguments for the first time on appeal. This resolution is supported by both the rationale for adoption of the forms under Sup.R. 10.01 and the dictates of Civ.R. 53.

*Id.* at ¶36. Because the Order of Protection in this case was issued utilizing Supreme Court Form 10.01-I and did not contain a reference to the fact that it was a magistrate's decision or language regarding the filing of objections to the decision, the appellant's failure to object to the magistrate's decision does not preclude the within appeal.

### Assignment of Error Number One

{¶22} The appellant argues in assignment of error number one that the trial court erred in failing to properly serve the appellant with notice of the July 12, 2023 hearing on the appellee's petition for civil protection order. We disagree.

{¶23} The record establishes that the appellant was present at the June 21, 2023 hearing on appellee's petition. At that time, the appellant requested a continuance so that she could retain counsel; the trial court orally granted the appellant's request for a continuance and rescheduled the hearing for July 12, 2023 at 10:00 a.m., thus providing the appellant with personal notice of the new hearing date and time.

{¶24} When the magistrate called the case for hearing on July 12, 2023, she noted on the record that she had personally advised the appellant during the June 21, 2023

hearing that the matter was rescheduled for July 12, 2023 at 10:00 a.m. The magistrate also noted on the record that between June 21, 2023 and July 12, 2023 the appellant had filed two petitions for civil protection order, both of which had been scheduled for hearing at the same date and time as the appellee's petition; and, that the written notice of the hearing date on the appellant's petitions had been mailed her at the address on file with the court, neither of which had been returned as undeliverable.

{¶25} We find that the record contains sufficient evidence that personal service of the notice of the July 12, 2023 hearing on the appellee's petition for a civil protection order was effectuated upon the appellant by the magistrate during the June 21, 2023 hearing. We further find that the appellant received notice that hearings on her two petitions for a civil protection order against the appellee were scheduled for the same date and time as the petition in the case sub judice. Accordingly, the appellant received effective service of the date and time of the hearing. As such, assignment of error number one is overruled.

**Assignment of Error Number Two**

{¶26} The appellant argues in her second assignment of error that the trial court violated her due process rights when it heard testimony from the appellee and her daughter without the appellant present. We disagree.

{¶27} The appellant essentially argues that her due process rights were violated because she was denied a full hearing when the magistrate refused to "restart" the hearing when she arrived after the appellee's initial testimony.

{¶28} The term "full hearing" in the context of civil protection orders is not statutorily defined. However, a full hearing on a petition for civil protection order is generally considered "one in which ample opportunity is afforded to all parties to make,

by evidence and argument, a showing fairly adequate to establish the propriety or improbability of the step asked to be taken. . . . [W]here the issuance of a protection order is contested, the court must, at the very least, allow for presentation of evidence, both direct and rebuttal, as well as arguments." *J.W. v. D.W.*, 10th Dist. Franklin No. 19AP-52, 2019-Ohio-4018, ¶ 25, citing *D.M.W. v. E.W.*, 10th Dist. No. 17AP-359, 2018-Ohio-821, ¶ 12.

**{¶29}** The appellant arrived at the hearing during the testimony of the appellee's daughter, and was able to cross-examine her. Further, the appellant was permitted to re-call the appellee to testify and cross-examine her. The appellant was permitted to call her boyfriend, who was present during the altercation giving rise to the petitions for civil protection order, to testify on her behalf. Finally, the appellant was permitted to testify herself regarding the facts giving rise to the petitions for civil protection order.

**{¶30}** During the first full CPO hearing on June 21, 2023 the appellant appeared pro se and requested a continuance in order to obtain counsel. The trial court granted the appellant's request and rescheduled the matter for July 12, 2023 at 10:00 a.m., with personal notice to the appellant of the new date and time. Rather than obtain counsel, the appellant again appeared pro se at the July 12, 2023 hearing. The appellant did not arrive at the hearing in a timely manner, and after waiting for approximately fifteen minutes the magistrate called the case for hearing. Upon the appellant's arrival the magistrate permitted her to cross-examine the appellee's witness, call the appellee for cross-examination, and call two witnesses of her own.

**{¶31}** The appellant was not denied the opportunity to obtain counsel, and was not denied the opportunity to fairly present her side of the case. In fact, after the evidence

was presented, the magistrate inquired whether the parties would agree to mutual protection orders. The appellee stated that she would agree to mutual orders of protection equally applicable to both parties. The appellant refused this option. The trial court nonetheless granted both the appellee and the appellant's petitions for orders of protection.

**{¶32}** We find that the trial court did not deny the appellant's due process rights, and her second assignment of error is overruled.

### Assignment of Error Number Three

**{¶33}** The appellant argues in her third assignment of error that the trial court erred when it found that the evidence presented by appellee supported a threat of domestic violence against appellee. We disagree.

**{¶34}** The sufficiency of evidence in support of an order of protection was addressed by this Court in *Ferguson v. Ferguson,* 5th Dist. Morgan No. 20AP0004, 2021-Ohio-297:

> In *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), the Ohio Supreme Court noted the choice between credible witnesses and their conflicting testimony rests solely with the finder of fact, and an appellate court may not substitute its judgment for that of the fact finder. A trial court is in a much better position than an appellate court to weigh the evidence, because it views the witnesses and observes their demeanor, gestures, and inflections. See *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984). The fact finder is free to believe all, part, or none of the testimony of each witness. See *State v. Caldwell*, 79 Ohio App.3d 667, 607

N.E.2d 1096 (4th Dist. 1992). Therefore, a judgment supported by competent and credible evidence going to all the elements of the case generally will not be disturbed by a reviewing court. See *Masitto v. Masitto*, 22 Ohio St.3d 63, 488 N.E.2d 857 (1986).

In *Watts v. Watts*, 5th Dist. Fairfield No. 13-CA-63, 2014-Ohio-1901, we cited to the Tenth District's analysis necessary to determine whether to grant a domestic violence CPO:

Civil protection orders are intended to prevent violence before it happens. *Young v. Young*, 2d Dist. No.2005-CA-19, 2006-Ohio-978, ¶ 105. Where a trial court grants a CPO based on a petitioner's fear of imminent serious physical harm, the critical inquiry under [R.C. 3113.31] is whether a reasonable person would be placed in fear of imminent (in the sense of unconditional, non-contingent), serious physical harm. *Fleckner v. Fleckner*, 10th Dist. Franklin No. 98AP-1213, quoting *Strong v. Bauman*, (May 21, 1999), 2d Dist. No. 17256.

Threats of violence constitute domestic violence for the purposes of R.C. 3113.31 if the fear resulting from those threats is reasonable. *Fleckner* at ¶ 21, quoting *Lavery v. Lavery* (Dec. 5, 2001), 9th Dist. No. 20616, appeal not allowed (2002), 95 Ohio St.3d 1409 (internal quotation marks omitted). The reasonableness of the fear should be determined with reference to the history between the petitioner and the respondent. *Id.*, quoting *Gatt v. Gatt* (April 17, 2002), 9th Dist. No. 3217-

M, citing *Eichenberger v. Eichenberger*, (1992), 82 Ohio App.3d 809, 613 N.E.2d 678.

Courts use both a subjective and an objective test in determining the reasonableness of the petitioner's fear. The subjective test inquires whether the respondent's threat of force actually caused the petitioner to fear imminent serious physical harm. *Fleckner* at ¶ 23 (collecting case). By contrast, the objective test inquires whether the petitioner's fear is reasonable under the circumstances. *Id.*

*Strassel v. Chapman*, 10th Dist. Franklin No. 09AP-793, 2010-Ohio-4376, paragraphs 7-9.

Further, trial courts may take every action into consideration, even if some actions in isolation would not seem particularly threatening. *McElroy v. McElroy*, 5th Dist. Guernsey No. 15 CA 27, 2016-Ohio-5148. Evidence of past abuse is relevant and may be an important factor in determining whether there is a reasonable fear of further harm; however, even with past abuse, there must be some competent, credible evidence that there is a present fear of harm. *Solomon v. Solomon*, 157 Ohio App.3d 807, 2004-Ohio-2486, ¶ 23 (7th Dist.). The reasonableness of fear should be determined with reference to the history between the petitioner and respondent. *Fleckner v. Fleckner*, 10th Dist. Franklin No. 07AP-988, 2008-Ohio-4000.

*Id.* at ¶¶34-36. The appellant specifically contends that there was insufficient evidence that the appellee was in imminent danger, and that the appellee failed to show by a

preponderance of the evidence that she feared for her physical safety. However, the record reveals sufficient evidence upon which the trial court could have found that the appellee was in fear for her physical safety. There was testimony regarding the animosity between the parties, and regarding a physical altercation that resulted in police intervention. The trial court was in the best position to ascertain the credibility of the witnesses, and we cannot say that it abused its discretion in finding that the appellee had a reasonable fear of future harm from the appellant. Accordingly, the appellant's third assignment of error is overruled.

## CONCLUSION

{¶35}  Based upon the foregoing, we hereby overrule the appellant's assignments of error numbers one, two, and three, and affirm the decision of the Tuscarawas County Court of Common Pleas.

By: Baldwin, J.

Delaney, P.J. and

Gwin, J. concur.